UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ARcare d/b/a Parkin Drug Store and Bald Knob Medical Clinic, on behalf of itself and all others similarly situated, | : : : : | No. 1:16-cv-501 (Judge Timothy S. Black) |
| v. | : : | |
| CURADEN USA, INC., | : : | |
| Defendant. | : : | |

## DEFENDANT'S COMBINED MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO STRIKE AND MOTION FOR STAY

Defendant Curaden USA, Inc., by and through counsel, hereby moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In the alternative, Defendant moves the Court to strike the class allegations of the Complaint, and the allegations of the Complaint requesting damages for multiple violations of the TCPA. Further in the alternative, Defendant moves the Court to stay the case pending the outcome of *Bais Yaakov v. Federal Communications Commission*, Docket Number 14-cv-1234 (D.C. Cir.). A memorandum in support of this Motion follows.

Dated: July 8, 2016                                              Respectfully submitted,

/s/ Thomas L. Stachler
Thomas L. Stachler (0042183)
Shawn M. Young (0038849)
PINALES STACHLER YOUNG
BURRELL & CROUSE CO., LPA
455 Delta Avenue, Suite 105
Cincinnati, Ohio 45226
Phone (513) 252-2750
Fax (513) 252-2751
Email: tstachler@pinalesstachler.com
          syoung@pinalesstachler.com

and

/s/ Brian S. Sullivan
Brian S. Sullivan (0040219)
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone (513) 977-8233
Fax(513) 977-8141
Email: brian.sullivan@dinsmore.com

*Counsel for Curaden USA, Inc.*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Plaintiff's Complaint should be dismissed because it fails to meet the minimum pleading requirements set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). In its Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA" or the "Act") by sending faxes that did not contain opt-out notices that complied with 47 C.F.R. 64.1200(a)(iii) (Doc. 1, ¶¶16, 30, 37). The Complaint contains two separate Counts, which are essentially the same claim – the only difference between Counts One and Two is that Count One alleges that the violations of the TCPA were "knowing and/or willful" and seeks treble damages "for each and every violation" of the statute. (Doc. 1 at ¶33). For the reasons that follow, both Counts should be dismissed.[1]

### II. LAW AND ARGUMENT

#### A. Plaintiff's Complaint Must Be Dismissed in its Entirety.

##### 1. Standard for Dismissal

A motion under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Dugan v. Brooks,* 818 F.2d 513, 516 (6th Cir. 1987). Pursuant to Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim upon which relief can be granted. For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a district court must limit its consideration to the four corners of the complaint when

---

[1] An unfortunate consequence of the passage of the TCPA is that it has spawned a cottage industry. This case is but one of a series of class action lawsuits Plaintiff has filed under the TCPA. During the month of April alone (the same month Plaintiff filed this lawsuit), to our knowledge, Plaintiff filed at least 10 cases in federal courts throughout the country, nine of which are class actions.

3

deciding a Rule 12(b)(6) motion to dismiss. *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008).

Although a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party, a plaintiff must supply "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544 at 555. "Factual allegations in the complaint must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)). Broad, conclusory statements in a complaint that are not supported by facts are not afforded the presumption of truth, and are therefore insufficient to withstand a motion to dismiss. *See Hawk v. Palmer*, No. 91-1930, 1991 U.S. App. LEXIS 27804, 3 (6th Cir. Nov. 18, 1991).

        2.    <u>Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted.</u>

To satisfy Rule 12(b)(6), a complaint must state a "plausible claim for relief" and contain more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, at 14-15 (citations omitted). The United States Supreme Court has made clear that the linchpin of a "plausible claim for relief" is the presence of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 14 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (citation omitted).

Here, Plaintiff's Complaint is precisely the type of complaint at which *Twombly* and *Iqbal* were directed. It contains nothing more than a threadbare recitation of statutory and administrative code provisions that were allegedly violated, conclusory statements, and legal conclusions. It is devoid of the factual enhancement necessary to demonstrate plausible liability

4

on each element and claim alleged. Rather, Plaintiff's Complaint contains nothing more than the "unadorned, the defendant-unlawfully-harmed-me accusation subject to dismissal under *Twombly* and *Iqbal*.

Paragraphs 26 through 29 of Plaintiff's Complaint do nothing more than parrot the Act. While paragraphs 30 and 31 of the Complaint set forth the alleged violations of the Act, they contain no allegations demonstrating the lack of an established business relationship between the parties, an essential element of a claim brought pursuant to the TCPA. *In the Matter of Dish Network*, CG Docket N. 08-239 (Oct. 14, 2008) (citing 21 FCC Rcd at 3796, ¶ 15). In addition, they do not allege whether a prior opt-out had been exercised by Plaintiff. Finally, the Complaint fails to allege that the Defendant did not obtain Plaintiff's facsimile number through one of the permissible means provided in the Act (47 USC §227(b)(1)(C)(ii) and in 47 CFR 64.1200(a)(4)). Accordingly, Plaintiff's Complaint fails to meet the threshold requirement of setting forth a *prima facie* junk fax claim under the TCPA.

      3.    <u>Plaintiff's Claims are Based Upon an Unconstitutional Rule and Therefore Must be Dismissed.</u>

In an attempt to implement the requirements of the TCPA, the FCC adopted various rules, including Rule 47 CFR 64.1200(a)(4)(iv) (the "Solicited Fax Rule"). The Solicited Fax Rule requires the sender of *solicited* faxes to include an opt-out provision similar to the opt-out provision that is required for *unsolicited* faxes. However, the Solicited Fax Rule exceeds the rulemaking authority Congress delegated to the FCC. 47 U.S.C. § 227. While courts have upheld statutory requirements applicable to unsolicited faxes by citing "'a substantial interest'" in preventing "'the cost shifting and interference such unwanted advertising places on the recipient,'" that interest vanishes when the recipient provides express consent to receive such faxes. *Id.* at 10-11 (quoting *Missouri ex rel. Nixon v. American Blast Fax, Inc.*, 323 F.3d 649,

5

655 (8th Cir. 2003) (emphasis added), cert. denied, 540 U.S. 1104 (2004)); *see also Destination Ventures, Ltd. v. FCC*, 46 F.3d 54, 56 and 57 (9th Cir. 1995) (articulating "the government's substantial interest in preventing the shifting of advertising costs to consumers" and finding that "unsolicited fax advertisements shift significant advertising costs to consumers").

Plaintiff's proposed class encompasses recipients of both solicited and unsolicited faxes (Doc. 1; ¶17), thereby implicating the Solicited Fax Rule. In the TCPA, Congress directed the FCC to regulate <u>unsolicited</u> faxes. 47 U.S.C. § 227. The authority given to the FCC by Congress did not extend to <u>solicited</u> faxes. Thus, any regulations adopted by the FCC (such as the Solicited Fax Rule) that purport to regulate solicited faxes violate the First Amendment to the U.S. Constitution. *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976) (businesses have a First Amendment right to speak with their customers). Fax advertisements are a form of protected speech under the First Amendment. *U.S. West, Inc. v. FCC*, 182 F.3d 1224, 1233 (10th Cir. 1999). These issues are currently pending before the D.C. Circuit in *Bais Yaakov of Spring Valley, et. al. v. FCC* (14-cv-1234 (D.C. Cir.) (and consolidated cases)). Defendant alternatively seeks a stay, pending the outcome of *Bais Yaakov, see infra*., However, the better course of action is to dismiss Plaintiff's claims as to the class, because the class would include recipients of solicited faxes, which are outside the purview of the FCC and the TCPA. 47 U.S.C. § 227; *see also Nagahi v. INS*, 219 F.3d 1166, 1169 (10th Cir. 2000) (holding that an agency cannot issue regulations beyond the authority delegated by Congress.). Class claims that include the Solicited Fax Rule cannot be enforced against Defendant and must be dismissed.

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

### B. The Court Should Strike the Class Allegations of the Complaint.

In the event this Court chooses not to dismiss the Complaint in its entirety, it should strike the class action allegations of the Complaint. Striking the class allegations is appropriate in this case because of the failure to satisfy the typicality and commonality requirements of Rule 23 and because Plaintiff is not an adequate class representative.

Under Fed. R. Civ. P. 12(f), the Court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts in the Sixth Circuit have permitted the use of motions to strike class allegations prior to discovery. *See, e.g., Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) (affirming the district court's judgment striking class allegations and dismissing a lawsuit prior to discovery, finding that the defect in the class action at issue involved "a largely legal determination" that "no proffered or potential factual development offer[ed] any hope of altering"); *Loreto v. Procter & Gamble Co.*, No. 1:09-cv-815, 2013 U.S. Dist. LEXIS 162752, 2013 WL 6055401, at *6 (S.D. Ohio Nov. 15, 2013); *Rikos v. Procter & Gamble Co.*, No. 1:11-cv-226, 2012 U.S. Dist. LEXIS 25104, 2012 WL 641946, at *7 (S.D. Ohio Feb. 28, 2012). A court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 516 (S.D. Ohio 2012) (citing *Rikos*).

#### 1. A Review of the Allegations of Plaintiff's Complaint Reveals that the Requirements of Rule 23(a) Have Not Been Satisfied.

Rule 23(a) permits class actions when a class member demonstrates that the class members are numerous, that the members' claims share common questions of law or fact, that the representative's claims or defenses are typical of the class members' claims or defenses, and that

the class representative will fairly and adequately protect the interests of the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,131 S. Ct. 2541 (2011).

        a.    *The Class as Proposed Fails to Satisfy the Rule 23 Commonality and Typicality Requirements*

Here, the typicality and commonality requirements of class action treatment are lacking. Plaintiff expressly alleges that it received an "unsolicited fax advertisement," yet defines the proposed class as being composed of "all persons and entities who hold telephone numbers that received a facsimile transmission from Defendant at any time during the applicable statute of limitations... ." (Doc. 1, ¶¶ 17, 22). The claims of class members will be different, depending on whether the fax advertisements were solicited or unsolicited, based on the issue pending in *Bais Yaakov,* discussed above. Recipients of *solicited* faxes do not stand on the same legal or factual footing as recipients of *un*solicited faxes. Accordingly, the class allegations in Plaintiff's Complaint are insufficient to satisfy class action treatment under Fed. R. Civ. P. 23 and should be stricken.

        b.    *Plaintiff is Not an Adequate Class Representative.*

Because Plaintiff has claims that are different than those members of the purported class who received solicited faxes, Plaintiff is an inadequate class representative. "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). "A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.*

Courts have held that unique defenses bear on both the typicality and adequacy of a class representative. *Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506, 524 (N.D. Ohio Jan. 26, 2009) (relying on *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903

F.2d 176, 180 (2d Cir. 1990) ("Regardless of whether the issue is framed in terms of the typicality of the representative's claims . . . or the adequacy of its representation . . . there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."). The challenge presented by a defense unique to a class representative, therefore, is that the representative's interests might not be sufficiently aligned with those of the class because he might be forced to devote time and effort to the defense at the expense of issues that are common and controlling for the class. *Id.* at 180. A class representative should "not be permitted to impose such a disadvantage on the class." *Stanich*, 249 F.R.D. at 524 (quoting *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1165 (7th Cir. 1974)).

As discussed above, Plaintiff has different arguments than others who fall within the definition of the class and therefore, it is not a proper class representative.

    3. Plaintiff's Purported <u>Class is an Improper Fail-Safe Class.</u>

To define, as Plaintiff has done, a purported TCPA class as any persons who received faxes by or on behalf of the Defendant promoting its products, which faxes did not contain an opt out notice, creates a fail-safe class. "[T]he fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010). The Sixth Circuit has denied class certification where the definition of the class is fail-safe. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012), explaining:

> A class definition is impermissible where it is a fail-safe class, that is, a class that cannot be defined until the case is resolved on its merits. A fail-safe class is one that includes only those who are entitled to relief. Such a class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment--either those class members win or, by virtue of losing, they are not in the class and are not bound. Such a result is prohibited in large part

because it would fail to provide the final resolution of the claims of all class members that is envisioned in class action litigation.

*Young*, 693 F.3d at 538.

Plaintiff may argue that the Court should take no action at this time, and, instead, address the issue in the context of a motion for class certification. However, because Plaintiff cannot propose a class that is either not fail-safe or is not subject to different rules based on the *Bais Yaakov* decision, the Court should determine that this case is not appropriate for class treatment and strike the class allegations.

### C. As an Alternative to Dismissing the Complaint, This Case Should Be Stayed Pending a Ruling in *Bais Yaakov*

As discussed above, Plaintiff is asserting claims on behalf of all persons and entities that received a fax from the Defendant, and makes no distinction between solicited and unsolicited faxes. Thus, Plaintiff's claims are based in part on the Solicited Fax Rule. The validity of the Solicited Fax Rule is being challenged in *Bais Yaakov v. Federal Communications Commission*, Docket No. 14-cv-1234 (D.C. Cir.). *See* Joint Brief for Class Action Defendant Petitions and Intervenors, *Bais Yaakov,* 14-cv-1234, Doc. No. 1582750 at 16, 21 (asserting that "the FCC's ruling that Section 227(b) authorizes the Solicited Fax Rule conflicts with the unambiguous language of the statute"). For the following reasons, this case should be stayed pending a ruling in *Bais Yaakov*.

A federal district court has broad discretion to stay proceedings. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In *Landis*, the Supreme Court stated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Id.* In considering a motion to stay, the court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy. *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565

F.2d 393, 396 (6th Cir. 1977) ("A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently."); *Ferrell v. Wyeth—Ayerst Laboratories, Inc.*, 2005 U.S. Dist. LEXIS 25358, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880, 118 S. Ct. 1761, 140 L. Ed. 2d 1070 (1998)); *see also Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. "The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014) (citing *Int'l Bd. of Elec. Workers v. AT & T Network Sys.*, 879 F.2d 864, 1989 U.S. App. LEXIS 10266, 1989 WL 78212, at *8 (6th Cir. 1989)).

In the instant case, a stay is warranted pending the D.C. Circuit's ruling on the consolidated multi-circuit petition in *Bais Yaakov* for the following reasons: (1) A stay is in the interest of judicial economy, because the D.C. Circuit's ruling in *Bais Yaakov* will have a major impact on this case regardless of how the court rules; and (2) such a stay will not prejudice the Plaintiff.

    1. <u>Granting a Stay Serves the Interest of Judicial Economy.</u>

Staying the case at bar pending the D.C. Circuit's ruling in *Bais Yaakov* is squarely in the interest of judicial economy, because that ruling will have a substantial impact on this case. The Solicited Fax Rule purports to require opt-out notices for *solicited* faxes. It is unique among the TCPA's regulations and statutory provisions in that it is the only Rule that purports to govern solicited faxes. The validity of the Solicited Fax Rule is therefore of great significance in any

11

TCPA case where the fax in question was solicited, because in such a case, the plaintiff's TCPA claim can only prevail if the Solicited Fax Rule is valid. *See Gilead Palo Alto*, No. 4:13-cv-958 JAR, 2013 WL 5436651, at *1 (describing the validity of the Solicited Fax Rule as a threshold legal issue).

In the instant case, Plaintiff implicates the Solicited Fax Rule in its proposed class definition. (Doc. 1, ¶17). This underscores the importance of having clarity on the issue of whether any person or entity who received a facsimile transmission from the Defendant (solicited or unsolicited) is a proper class member for purposes of Plaintiff's claims. *See Raitport v. Harbour Capital Corp.*, 2013 U.S. Dist. LEXIS 130459 (D.N.H. 2013) (staying putative class action in light of the "substantial effect" a related administrative proceeding would have, "particularly with respect to certification of the proposed class").

In its Complaint, Plaintiff defines the putative class as "[a]ll persons and entities who hold telephone numbers that received a facsimile transmission from Defendant at any time during the applicable statute of limitations to present (the "Class Period") that 1) promotes Defendant's products and 2) contains an opt-out notice identical or substantially similar to that contained on the facsimile advertisement attached as Exhibit A to the Complaint." (Doc. 1, ¶17). Plaintiff makes no distinction between faxes that were sent with consent and those that were sent without consent. It is possible that some of the proposed class members had an established business relationship with Defendant. Accordingly, Plaintiff's TCPA claim will depend upon the validity of the Solicited Fax Rule.

Because the Hobbs Act vests the Courts of Appeal with exclusive jurisdiction to determine the validity of final orders of the FCC, *see* 28 U.S.C. 2342, and because the *Bais Yaakov* matter is a multi-circuit petition consolidating 13 actions across two Circuits (the 8th

Circuit and the D.C. Circuit), the ruling in *Bais Yaakov* will have precedential effect. Moreover, the Sixth Circuit historically agrees with the stay concept in the context of FCC and other administrative rulings. *See, e.g., In re Long Dist. Tel. Litigation, supra; see also Kocolene Oil Corp. v. Ashland Oil, Inc., supra* (Southern District of Ohio case staying proceedings pending the outcome of a Department of Energy rule proceeding).

Courts outside the Sixth Circuit have done the same. *See, e.g., St. Louis Heart Center, Inc. v. Athenahealth, Inc.*, 2016 U.S. Dist. LEXIS 69705 (E.D. Mo.); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-cv-60798 RSR, Doc. No. 105, at *2 (S.D. Fla. May 23, 2014) (reimposing *sua sponte* the stay of a TCPA "junk fax" case because of pending FCC ruling and appeal regarding Solicited Fax Rule (consolidated in *Bais Yaakov*); *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2014 U.S. Dist. LEXIS 183569 (N.D. Ill.) (following the "number of other district courts" granting stays, and noting that even the United States supported doing so, because it will potentially streamline the issues for trial and reduce the burden of litigation on both the parties and the Court"); *Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, 2014 U.S. Dist. LEXIS 183560, at *3 (D. Conn. Feb. 3, 2014); *Raitport, supra*, at 1 (staying the action in particular due to the effect the decision on the Solicited Fax Rule will have with respect to certification of the proposed class); and *Kiefer v. Paging Network, Inc.*, 50 F. Supp.2d 681 (E.D. Mich. 1999).

Any argument Plaintiff may make that a stay is inappropriate because Plaintiff contests whether the faxes at issue were solicited would miss the mark. Courts have granted stays in cases of this sort not only where the faxes in question concededly were solicited, but also in cases where the issue of consent is contested. *See Purdue Pharma, supra, at *3*. Because the putative class as defined in Plaintiff's Complaint encompasses faxes sent with consent as well as those without consent, a stay is appropriate in this case. *St. Louis Heart Center, supra,* at *5.

13

2. <u>A Stay in This Case Would Not Prejudice Plaintiff.</u>

The judicial economy gained from a stay and the ultimate clarification as to the validity of the Solicited Fax Rule would benefit the parties and the Court. *See, e.g. St. Louis Health Center, supra* ("[t]he procedural path taken by the parties in *Bais Yaakov* will result in a 'uniform, nationwide interpretation' of the TCPA (citing *Nack v. Walburg,* 715 F.3d 680 at 686 (8th Cir. 2013)). Conversely, if this Court were to allow Plaintiff's class claims to proceed, significant resources of the parties and the Court would be spent without the clarity of whether the class, as defined by Plaintiff, is proper. A review of the docket in *Bais Yaakov* shows that briefing is complete. Thus, a ruling in that case is not far down the road.

For the foregoing reasons, a stay of this case pending the outcome of *Bais Yaakov* (and thus a determination as to the validity of the Solicited Fax Rule) is appropriate.

### D. Plaintiff's Request for Damages for Multiple Violations of the TCPA are Improper and Must be Denied.

Finally, if the Court allows the case to proceed as positioned currently, Defendant moves to strike the allegations in paragraphs 33 and 40 and sections (c) and (d) of Plaintiff's Request for relief. Plaintiff seeks an award of damages of $1,500.00 on behalf of itself and the putative class members for "each and every violation" of the [TCPA]. (Doc. 1, ¶33) and additionally, statutory damages of $500 per violation for every violation (Doc. 1; ¶40, and Request for Relief). However, Plaintiff's request for damages is improper for the following reasons:

First, under the TCPA, a court may award statutory damages of *up to* $500 for each violation, <u>where appropriate</u>. 47 USC §227(c)(5)(B). The amount of damages to be awarded is within the discretion of the court. In *Charvat v. NMP, LLC,* 2012 U.S. Dist. LEXIS 139505, 2012 WL 4482945 (S.D. Ohio Sept. 27, 2012), the court looked to the purpose of the do-not-call provision of the TCPA in considering a damage award: "to prevent repeated unwanted

14

telemarketing calls by punishing those telemarketers who fail to honor do-not-call requests." 2012 U.S. Dist. LEXIS 139505, *4 (citation omitted). The court explained that the purpose of the provision is relevant to a damages determination because, in awarding damages, a court must be mindful of how that award comports with the purpose of the statute. The court went on to state that "[t]his inquiry, under other similar statutes giving the Court discretion to award damages, can involve criteria such as the severity or minimal nature of the violation; whether there was actual damage to the victim; the extent of any intrusion into the victim's privacy; the relative financial burdens of the parties; whether there was a reasonable purpose for the violation; and whether there was any useful purpose to be served by imposing the statutory damages amount." *Id.*

In the instant case, a claim for multiple violation damages is well beyond the scope and purpose of the TCPA, particularly in light of Plaintiff's failure to allege that it made any attempt to opt out of receiving facsimiles from Defendant. The purpose of the opt-out notice requirement ensures that the recipient has the necessary contact information to opt out of future fax ads and can do so in a timely, efficient, and cost-free manner. Here, the fax attached to Plaintiff's Complaint did provide an efficient, cost-free manner for the recipient to opt out. Accordingly, the general purpose of the statute having been met, severe damages as demanded by Plaintiff are inappropriate and must be dismissed.

Second, even if damages were determined to be appropriate pursuant to the discretion of the Court, the measure of damages is per fax or call, *not* per violation *within* each fax or call. *See, e.g. Heidorn v. BDD Mktg. & Mgmt. Co.*, 2013 U.S. Dist. LEXIS 177166 (N.D. Cal. Aug. 19, 2013). In *Heidorn*, the court addressed calls the plaintiff contended violated both 47 C.F.R. §64.1200(c) and §64.1200(d), and whether those violations should be counted as separate

15

violations for the purposes of damages. The court concluded that they should not. "The plain language of the statute allows an individual who has received 'one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection' to bring 'an action to recover for actual monetary loss from such a violation.'" *Id.* at *46-47(citing 47 U.S.C. § 227(c)). The court concluded that this language indicates that a telephone call that violates more than one provision of the regulations is considered to be a single violation rather than multiple violations. *Id.* Accordingly, the court ruled that the plaintiff was entitled to statutory damages based on 22 violations of the TCPA – that is, the number of telephone calls from the defendant that were adequately alleged in the complaint to have been made in violation of the regulations, regardless of whether the telephone calls violated only one provision or multiple provisions of the regulations. A similar analysis is appropriate here, and Plaintiff's claim for multiple damage awards must be rejected.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety. In the alternative, Defendant requests that the Court strike the class action allegations of the Complaint and the allegations of the Complaint requesting damages for multiple violations of the TCPA. Further in the alternative, Defendant requests this Court to stay these proceedings pending the outcome of *Bais Yaakov, supra.*

Respectfully submitted,

*/s/ Thomas L. Stachler*

Thomas L. Stachler (0042183)
Shawn M. Young (0038849)
PINALES STACHLER YOUNG
BURRELL & CROUSE CO., LPA
455 Delta Avenue, Suite 105
Cincinnati, Ohio 45226
Phone (513) 252-2750
Fax (513) 252-2751
Email: tstachler@pinalesstachler.com
  syoung@pinalesstachler.com

and

*/s/ Brian S. Sullivan*
Brian S. Sullivan (0040219)
Karen Hockstad (0061308)
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone (513) 977-8233
Fax (513) 977-8141
Email: brian.sullivan@dinsmore.com
  karen.hockstad@dinsmore.com

*Counsel for Curaden USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed via the court's CM/ECF electronic filing service and served via that system upon all counsel of record on this 8th day of July, 2016.

*/s/Thomas L. Stachler*